UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx<br>2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                  Not Present

**Proceedings:** (IN CHAMBERS) - MOTION TO CONSOLIDATE CASES (Dkt. 106, Case No. 2:21-cv-09552-CAS-SK, filed on May 27, 2022)

MOTION TO CONSOLIDATE CASES (Dkt. 22, Case No. 2:22-cv-02009-CAS-SK, filed on May 27, 2022)

## I.   INTRODUCTION & BACKGROUND

### A.   Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al (the "Angela case")

On December 9, 2021, plaintiffs Suzhou Angela Online Game Technology Co., Ltd. ("Angela") and Imperium Interactive Entertainment Limited ("Imperium") filed the instant action against defendants Snail Games USA Inc. ("Snail USA") and Wildcard Properties LLC ("Wildcard"). See Dkt. 1 ("Ang. Compl."). Angela is the developer and owner of a videogame entitled "Myth of Empires." Id. ¶ 6. Until recently, Myth of Empires was "offered, distributed, and made available to end users" by the Valve Corporation ("Valve"), a third-party platform that is not a party to this litigation. Id. ¶ 9. On or about December 1, 2021, defendants sent a letter to Valve alleging that Myth of Empires was built "with trade secret source code copied and stolen" from defendants. Dkt. 1, Ex. 1 ("Valve Letter") at 2. Based on the Valve Letter, Valve ceased distributing Myth of Empires on or about December 7, 2021. Ang. Compl. ¶ 15. Plaintiffs allege that their business has been injured and irreparably harmed by defendants' actions in causing Valve to cease distribution of Myth of Empires. Id. ¶¶ 16, 23, 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:21-cv-09552-CAS-SKx <br> 2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

    Plaintiffs' complaint alleges the following claims for relief: (1) Declaratory Judgment of Non-Liability for Copyright Infringement; (2) Declaratory Judgment of Non-Liability for Trade Secret Misappropriation; and (3) Violation of 17 U.S.C. § 512(f).[1] Id. ¶¶ 6-30. Plaintiffs seek preliminary and permanent injunctions "directing Defendants to withdraw [the Valve Letter] and any other takedown notice Defendants may have sent to any distributor of Myth of Empires and restraining Defendants from interfering with the distribution of Myth of Empires." Ang. Compl. at 5.

    On December 20, 2021, defendants answered plaintiffs' complaint. Dkt. 27. Defendants claim that Angela "stole the extraordinarily valuable source code" they created for their game Ark: Survival Evolved in order to create Myth of Empires. Id. ¶¶ 2-5. Defendants submitted copyright registrations for Ark: Survival Evolved, and allege that in November 2018, a former employee of Snail USA's China-based parent obtained access to the Ark: Survival Evolved source code and copied it. Id. ¶ 4. Defendants bring the following counterclaims for relief: (1) Direct Copyright Infringement (alleged by Snail USA against Angela and Imperium); (2) Contributory Copyright Infringement (alleged by Snail USA against Imperium); (3) Vicarious Copyright Infringement (alleged by Snail USA against Imperium); (4) Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (alleged by Wildcard and Snail USA against Angela and Imperium); and (5) Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq. (alleged by Wildcard and Snail USA against Angela and Imperium). Id. ¶¶ 58-103.

    While defendants originally filed a third-party complaint against Tencent as part of their answer, Dkt. 27, on March 30, 2022, defendants voluntarily dismissed their third-party complaint against Tencent without prejudice. Dkt. 82. Defendants claim that they dismissed Tencent from the initial case because "Tencent asserted that, under Federal Rule of Civil Procedure 14, it could not properly be added to the Angela Case through a

---

[1] 17 U.S.C. § 512(f) provides that "any person who makes knowing, material misrepresentations in filing a DMCA takedown notice 'shall be liable for any damages, including costs and attorneys' fees[ ] incurred by the alleged infringer.'" Automattic Inc. v. Steiner, 82 F. Supp. 3d 1011, 1017 (N.D. Cal. 2015) (quoting 17 U.S.C. § 512(f)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx<br>2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

third-party complaint and that it intended to move to dismiss that pleading," and defendants sought "[t]o avoid that dispute from resulting in any delay." Mot. at 10.

On December 17, 2021, plaintiffs filed an ex parte application for a temporary restraining order and for an order to show cause regarding preliminary injunction against defendants. Dkt. 15 ("TRO"). Plaintiffs requested that the Court order defendants to withdraw the Valve Letter and any other "take down" demands, and "refrain from any further attempts to induce third-parties to breach contractual obligations owed to Plaintiffs." Id. at 2. Plaintiffs "categorically den[ied]" that Myth of Empires was built using stolen source code. Id. at 8-9. Plaintiffs sought withdrawal of defendants' take down notices "without prejudice to Defendants' right to bring before this Court, and prove, with evidence, the sharply disputed claims they have to date used . . . in self-help fashion without any judicial oversight or control." Id. at 9.

On December 23, 2021, the Court denied plaintiffs' request for a temporary restraining order, and issued an order to show cause as to why a preliminary injunction should not be issued. Dkt. 34.

Following supplemental briefing from the parties, the Court found that a preliminary injunction was not appropriate. Dkt. 56. The Court ordered the parties to meet and confer regarding a source code comparison, and to select a mutually agreeable independent expert, on or before February 18, 2022. Id. The Court added that, if the parties were unable to agree upon an independent expert, on or before February 28, 2022, they would each be required to submit the name and contact information of two proposed experts for the Court's review. Id. The Court indicated that it would work with the Hon. Steve Kim, U.S. Magistrate Judge for the Central District of California, to determine the appropriate neutral expert and the appropriate source code review protocol. See Dkt. 71.

The parties were unable to agree upon an independent expert for the source code comparison, and therefore each submitted two proposed experts to the Court on February 28, 2022. Dkts. 68-69. On March 7, 2022, at a hearing before Judge Kim and this Court, the Court indicated that it intended to appoint one of plaintiffs' nominees, Robert Zeidman, as the Court's Rule 706 neutral expert in the area of source code comparison. Dkt. 79. On March 9, 2022, the Court formally appointed Zeidman as the Court's Rule 706 neutral expert in the area of source code comparison, subject to Zeidman consenting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:21-cv-09552-CAS-SKx<br>2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

to the appointment. Dkts. 80. On March 14, 2022, Zeidman accepted his appointment as neutral expert pursuant to Rule 706. Dkt. 81.

On April 18, 2022, Judge Kim ordered the parties to file a joint report regarding the protocol for Zeidman's source code comparison, including any areas of remaining disagreement, on or before April 22, 2022. Dkt. 85. On April 22, 2022, the parties submitted a joint report regarding the protocol for Zeidman's source code comparison. Dkt. 88. On April 25, 2022, after reviewing the parties' joint report, Judge Kim entered an order (the "April 25 Order") outlining the procedure for Zeidman's neutral source code comparison. Dkt. 90.

On May 9, 2022, plaintiffs filed a Rule 72 motion for review of and objections to the April 25 Order. Dkt. 96. On June 6, 2022, the Court denied plaintiff's motion for review of and objections to the April 25 Order. Dkt. 107.

### B.　Snail Games USA Inc. v. Tencent Cloud LLC (the "Tencent case")

On March 25, 2022, plaintiff Snail USA filed suit in this district against defendant Tencent Cloud LLC ("Tencent"), asserting claims for (1) direct copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement. Dkt. 1 ("Snl. Compl."). Snail USA's lawsuit was brought as a companion case to Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al, Case No. 2:21-cv-09552-CAS-SK, because Tencent is allegedly profiting off of, contributing to, and participating in the copyright infringement allegedly committed by Angela. Id. ¶ 1.

On March 30, 2022, the case against Tencent was transferred to this Court based on the Court's findings that the two cases (1) "arise from the same or closely related transactions, happening or events"; (2) "call for determination of the same or substantially related or similar questions of law and fact"; and (3) "would entail substantial duplication of labor if heard by different judges." Dkt. 12.

On April 29, 2022, Tencent filed a motion to dismiss Snail USA's contributory copyright claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 16. On June 6, 2022, the Court denied Tencent's motion to dismiss. Dkt. 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-cv-09552-CAS-SKx <br> 2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

### C. Motions to Consolidate

On May 27, 2022, Snail USA filed motions to consolidate the Angela case and the Tencent case. See No. 2:21-cv-09552-CAS-SK, Dkt. 106 ("Mot."); No. 2:22-cv-02009-CAS-SK, Dkt. 22 ("Cmpn. Mot.").

On June 6, 2022, Angela and Imperium opposed the motion to consolidate in their case, and Tencent opposed the motion to consolidate in its case. See No. 2:21-cv-09552-CAS-SK, Dkt. 107 ("Opp."); No. 2:22-cv-02009-CAS-SK, Dkt. 25 ("Cmpn. Opp.").

On June 13, 2022, Snail USA submitted its replies. See No. 2:21-cv-09552-CAS-SK, Dkt. 112 ("Reply"); No. 2:22-cv-02009-CAS-SK, Dkt. 28 ("Cmpn. Reply").

On June 24, 2022, the Court provided the parties with its tentative order. Thereafter, the parties indicated via email to the Court's deputy clerk that they stipulated to the Court's tentative order. Accordingly, the Court finds that Snail Games' motions to consolidate are appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Request for Consolidation

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a). Consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson Corinthian Colleges Inc., No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted); see also Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-09552-CAS-SKx <br> 2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause"). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

### B.   Request for Stay

A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir.2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Id. (quoting Landis, 299 U.S. at 255). Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir.2005).

### III.   DISCUSSION

In its motions to consolidate, which are identical, Snail Games USA ("movant") argues that the "substantial overlap of legal and factual questions" in the two related cases supports consolidation, as "[t]he same core question in both cases is whether Angela copied SWC's Ark and Atlas source code to develop MoE." Mot at 6. Movant also argues that consolidation would promote efficiency and conserve judicial resources because "the two cases concern the same asserted works (Ark and Atlas), the same accused work (MoE), [] the same parties, [and] involve substantially the same anticipated discovery." Id. at 6-7. Finally, Movant contends that consolidation would not prejudice Angela or Tencent because the two cases are both in their early stages. Id. at 18.

Movant also notes that "Tencent refuses to participate in discovery because it claims it has nothing to do with the Angela Case," and argues that "Tencent has no right to demand that it sit on the sidelines." Id. at 7. Accordingly, movant requests that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx<br>2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

Court either deem Tencent's participation in the March 23, 2022 Rule 26(f) conference in the Angela case to suffice, and order the Tencent Case to promptly proceed with discovery, or "order Tencent to participate in a second Rule 26(f) conference within seven calendar days." Id. at 19.

In opposition, Angela argues that speedy resolution of this case is essential given that plaintiffs are losing "virtually all" of their revenue from the sales of MoE while this case in pending, and that consolidation would make resolution of Angela's case more complicated and expensive. Opp. at 5. Moreover, Angela claims that the Tencent case raises "complex issues that are entirely distinct from the issues raised in the present action, including (i) whether [Tencent] had 'knowledge' that [movant] purportedly had a legal right to exclude distribution of executable Myth of Empires products in the United States, (ii) whether [movant] complied with 17 U.S.C. § 512(c) as to Tencent, and (iii) whether any Tencent activity could constitute contributory infringement in any event for continuing to host Myth of Empires after receipt of a DMCA take down notice." Id. at 6-7.

Angela also argues that the two cases are in vastly different procedural stages given that considerable discovery has taken place in the Angela case, whereas in the Tencent case Tencent has not yet answered the complaint. Id. at 7. Accordingly, Angela claims that "[a]dding a party that has yet to answer a complaint and has not been involved in any discovery or the selection of the neutral expert would only serve to cause further delay to this case." Id. Moreover, Angela argues that discovery can be coordinated without consolidation, and that movant needs to resolve its discovery issues directly with Tencent, instead of importing them into the Angela case. Id. at 8. Additionally, Angela contends that Tencent's alleged liability is secondary to Angela's alleged liability, such that movant "will not be forced to re-litigate any issues in the Tencent case that it litigates here." Id. at 9. In sum, Angela argues that it is "on record as seeking an early trial on liability due to the severe harm" caused by the takedown of Myth of Empires, and that the requested consolidation would "further delay" Angela's attempt to obtain relief. Id. at 10.

For its part, Tencent in opposition argues that it "cannot assist Snail and Angela in addressing the core issue of whether Myth of Empires infringed Snail's registered copyrights" because "Tencent does not develop, publish, or sell Myth of Empires, or run,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-09552-CAS-SKx<br>2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

copy, or recreate its code." Cmpn. Opp. at 5. Tencent argues that "consolidation will merely serve Snail's efforts to delay, increase the cost, and increase the complexity of the Angela and Tencent Cases," and that "a stay of all discovery or claims against Tencent pending the expedited resolution of the core copyright issues between Angela and Snail is the most efficient path to resolution for all parties." Id. at 6. Tencent also argues that adding it to a dispute that has been ongoing for months would require Tencent to "quickly assess months of litigation and discovery to protect its interests," which could result in "delay and prejudice." Id. at 7. In sum, Tencent contends that "[t]he relation of the cases is sufficient to allow for any coordinated discovery and consistency of rulings between the cases." Id. at 13. Tencent notes that it was " not involved in the process of expert selection or determining the procedure for the review that expert will conduct." Id. at 20.

With respect to the stay, Tencent argues that a stay is appropriate because "[a] finding of no infringement in the Angela Case would completely dispose of the Tencent Case" and "[n]o discovery from Tencent helps resolve that question." Id. Tencent adds that "[e]ven if this Court is not inclined to stay the Tencent Case pending resolution of the Angela Case, a shorter stay of the Tencent Case while the independent expert completes his review can still narrow the issues for Tencent and Snail to confront." Id. at 7-8. Finally, with respect to movant's request for an order requiring Tencent to participate in discovery, Tencent notes that "Snail's attempt at discovery relief is inappropriate for this motion to consolidate." Id. at 19.

In movant's replies, which are identical, movant argues that "Angela and Tencent do not, and cannot, dispute the substantial legal and factual overlap between [movant's] claims against Angela and [movant's] claims against Tencent," and reiterates that "[c]onsolidating the cases is the most logical way to manage these claims." Reply at 4. In particular, movant contends that it would not be more efficient to "require [movant] to make the same copyright ownership and infringement showings in separate cases." Id. at 5. Movant adds that if it proves Angela's infringement, the preclusive effect of that finding in the Tencent case would be unclear because movant "would need to rely upon offensive non-mutual collateral estoppel, which generally applies when the party against whom preclusion is sought—Tencent, in this situation—was a party to, or in privity with, a party to the earlier case in which the issue was decided." Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx<br>2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

With respect to Angela and Tencent's request to stay the Tencent case, movant notes that "[t]his request fails at the outset because neither Angela nor Tencent has moved for a stay, as they must to request such relief." Id. at 16. Additionally, movant contends that a stay is inappropriate because "Tencent has refused to stop hosting Angela's infringing game" and because "[a] stay would only postpone [movant's] relief from Tencent's continuing infringement, particularly if Tencent independently disputes Angela's underlying direct infringement in the Tencent Case." Id. at 17.

At this stage, the Court is not inclined to consolidate the two cases. While the question of whether there has been an infringement of Snail Games' copyrights affects both cases, little—if anything—can be gained from consolidation given that the two cases are at different procedural stages, with the neutral source code review currently moving forward in the Angela case. Notably, Tencent was not involved in the appointment of the neutral expert or the development of the source code review protocol. With respect to discovery, the parties can agree to coordinate discovery between the cases.

Crucially, Angela has consistently emphasized the damage its business is suffering as a result of Snail Games' allegations and DMCA notices. Adding Tencent to the Angela Case risks delaying resolution of the Angela case, increasing costs, and complicating the issues. See Snyder v. Nationstar Mortg. LLC, No. 15-cv-03049-JSC, 2016 WL 3519181, at *3 (N.D. Cal. June 28, 2016) ("[T]he risk of jury confusion and prejudice to Defendants weighs against consolidation of Plaintiff's two actions."). Accordingly, the Court denies Snail Games' request to consolidate the Angela case and the Tencent case.

Additionally, Court finds that it would be inappropriate to address Snail Games' request for discovery relief in the context of Snail Games' motions to consolidate. There is nothing preventing Snail Games from proceeding with discovery in the Tencent case, including by completing the Rule 26(f) conference or by moving to compel discovery.

Finally, with the respect to Tencent's request for a stay, the Court finds that in light of the fact that Tencent continues to distribute Myth of Empires, a stay would be inappropriate because it could plausibly delay Snail Games' efforts to secure relief in the Tencent case. Furthermore, Tencent's arguments regarding the preclusive effect of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx <br> 2:22-cv-02009-CAS-SKx | Date | June 27, 2022 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al v. Snail Games USA Inc. et al; Snail Games USA Inc. v. Tencent Cloud LLC | | |

findings in the Angela case are speculative, and therefore do not represent an adequate basis for staying the Tencent case at this time.

### IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Snail Games' motion to consolidate the Tencent case and the Angela case. Additionally, the Court **DENIES** Tencent's request for a stay.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |